CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| CARLOS URGILES, on behalf of himself and others similarly situated, | Case No. 22-CV-8906 |
| Plaintiff, | FLSA COLLECTIVE <u>ACTION COMPLAINT</u> |
| -against- | |
| EMERALD SERVICES CORP. d/b/a EMERALD BUILDING SERVICES, SEAN M. ABBOTT, EDMOND DOWLING, and JOHN DOES 1-5, | **Jury Trial Demanded** |
| Defendants. | |

------------------------------------------------------------------X

Plaintiff, CARLOS URGILES ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants EMERALD SERVICES CORP. d/b/a EMERALD BUILDING SERVICES ("EMERALD SERVICES CORP."), SEAN M. ABBOTT, EDMOND DOWLING, and JOHN DOES 1-5 (the "Individual Defendants") (EMERALD SERVICES CORP. and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated and statutory damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Queens County, New York.

6.      Defendant, EMERALD SERVICES CORP., is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business at 10 Hackensack Avenue, Weehawken, New Jersey 07086.

7.      Defendant, EMERALD SERVICES CORP., owns and operates a management company doing business as "Emerald Building Services," located at 10 Hackensack Avenue, Weehawken, New Jersey 07086, which provides construction management, property management, and landscaping services to its clients (the "Management Company").

8.     Defendant, EMERALD SERVICES CORP., is authorized to and does perform a substantial amount of business within the State of New York.

9.     Defendant, EMERALD SERVICES CORP., has or had a contract to remove trash and other bulk items from approximately twenty-six (26) public housing residential properties in New York City managed by a third-party entity known as Pinnacle City Living (hereinafter, the "PCL Properties").

10.     The Individual Defendants, are the joint officers, shareholders, directors, managers, supervisors, and proprietors of EMERALD SERVICES CORP. who participate in the day-to-day operations of the Management Company, and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with EMERALD SERVICES CORP.

11.     The Individual Defendants exercise control over the terms and conditions of their employees' employment in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

12.     Upon information and belief, at least within each of the three (3) most recent years relevant to the claims alleged herein, EMERALD SERVICES CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that

have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13.     Defendants employed Plaintiff to work as a non-exempt trash hauler for from in or about August 2018 until in or about May 2020, and again from in or about August 2021 until in or about March 2022, where his job responsibilities included, among other things, the loading, removal, and unloading of garbage and other bulk items from the PCL Properties.

14.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

15.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16.     At all relevant times, Defendants compensated Plaintiff and all manual workers on a bi-weekly basis.

17.     Despite being manual workers, Defendants failed to properly pay Plaintiff and others similarly situated within seven (7) calendar days after the end of the week in which these wages were earned.

18.     In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similar manual workers.

19.     Plaintiff brings this action on behalf of himself and all other similar manual workers employed by Defendants to remedy violations of the New York Labor Law, Article 6, §§ 191, 195.

20.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21.     Defendants SEAN M. ABBOTT and EDMOND DOWLING hire employees to work as managers and/or supervisors to participate in the day-to-day operation of the Management Company.

22.     Defendants SEAN M. ABBOTT and EDMOND DOWLING hired defendants, JOHN DOES, known simply to Plaintiff as "Dulio," "Oscar," and "Elvin" to work as the managers of the Management Company, who were Plaintiff's direct supervisors.  Through authority granted to them by Messrs. Abbott and Dowling, Dulio and Dulio, Oscar, and Elvin assist in running the day-to-day operation of the Management Company, including, but not limited to hiring and firing employees, setting employee work schedules, and setting employee rates of pay.

23.     Defendants SEAN M. ABBOTT and EDMOND DOWLING also actively participate in the day-to-day operation of the Management Company.  For instance, Messrs. Abbott and Dowling personally hire and fire employees, supervise and direct the work of the employees, and instruct the employees how to perform their jobs.

24.     The Individual Defendants jointly create, implement, and approve all business policies and makes all crucial business decisions, including decisions concerning the minimum and maximum number of hours the employees are required work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

25.     In or about August 2018, Defendants hired Plaintiff to work as a non-exempt trash hauler.   In this regard, over twenty-five percent (25%) of Plaintiff's job duties were physical in nature, including but not limited to the loading, removal, and unloading of numerous garbage bags and large bulk items from the PCL Properties.

26.     Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate and corresponding overtime rate of pay.

27.     Plaintiff worked for Defendants in such capacity until in or about May 2020.

28.     In or about August 2021, Defendants re-hired Plaintiff to work in the same capacity.

29.     Neither at the time of his re-hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate and corresponding overtime rate of pay.

30.     Plaintiff worked over forty (40) hours per week.

31.     Throughout the entirety of his employment, Plaintiff worked seven (7) days per week, and his work shift consisted of eight (8) to ten (10) hours per day Monday through Friday from 10:00 a.m. until 6:00 p.m. to 8:00 p.m.; and six (6) hours per day on Saturday and Sunday from 10:00 a.m. until 4:00 p.m.

32.     Plaintiff's work week/pay period ran from Monday to Sunday.

33.     Plaintiff was not required to punch a time clock or other time-recording device at the start and end of his work shift.

34.     Defendants kept handwritten records of Plaintiff's work hours.

35.     Throughout the entirety of Plaintiff's employment, Plaintiff was not paid proper overtime compensation.   Throughout the entirety of Plaintiff's employment, Plaintiff was paid at the rate of $20 per hour straight time for all hours worked and worked between fifty-two (52) to sixty-two (62) hours per week.   Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

36.     Defendant, EDMOND DOWLING, is a shareholder and officer of another business entity called The Padded Wagon of New Jersey Inc., which has a principal place of business in the Bronx, New York.   Plaintiff was paid by check issued from The Padded Wagon of New Jersey Inc.

37.     Despite regularly spending more than twenty-five percent (25%) of his shift performing manual labor, Defendants paid Plaintiff on a bi-weekly basis.

38.     For example, for the pay period beginning February 3, 2020 and ending February 9, 2020, Plaintiff was paid his lawfully earned wages by check dated February 20, 2020.

39.     In this regard, Defendants failed to pay Plaintiff his wages earned from February 3, 2020 through February 9, 2020 by February 16, 2020, as required by New York Labor Law § 191(1)(a).

40.     Upon receiving his wages each week, Defendants failed to provide Plaintiff with a written wage statement setting forth, among other things, his gross wages, deductions, and net wages.

41.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate

(of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt manual labor employees who have been or were employed by Defendants since October 19, 2019 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

44.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

48.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.     Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

49. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52.     At all relevant times, EMERALD SERVICES CORP. was and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

54.     At least within the three (3) most recent years relevant to the allegations asserted herein, EMERALD SERVICES CORP. has had gross revenues in excess of $500,000.

55.     Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

56.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

57.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action

Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

59.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

61.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

62.     Due to Defendants' intentional, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

63.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

64.      Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65.      At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

66.      Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

67.      Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

68.      Defendants failed to notify Plaintiff in writing of his regular hourly rate of pay and corresponding overtime rate of pay, and his regular designated payday, in contravention of New York Labor Law § 195(1).

69.      Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

70.      Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

71.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

72.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Violation of New York Labor Law – Failure to Pay Timely Wages]**

73.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74.     The timely payment of wages provision of New York Labor Law § 191 and its supporting regulations apply to Defendants and protect Plaintiff.

75.     Defendants failed to pay Plaintiff on a timely basis as required by New York Labor Law § 191(1)(a).

76.     Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants the amount of his untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, pre-judgment and post-judgment interest as provided for by New York Labor Law § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff CARLOS URGILES, on behalf of himself and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation, pursuant to the New York Labor Law;

(d)     An award of statutory damages for Defendants' failure to provide wage notices and weekly wage statements in violation of the New York Labor Law and the New York Wage Theft Prevention Act;

(e)     An award of statutory and liquidated damages for Defendants' failure to pay wages timely in violation of the New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:  New York, New York
        October 19, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102

By: _____
        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Carlos Urgiles, am an individual currently or formerly employed by Padded Wagon of NJ Inc. and/or related entities.   I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
          April 1, 2022

Carlos Urgiles